The decision below is hereby signed.  Dated:
September 25, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                                )
                                     )
GREATER SOUTHEAST COMMUNITY          )   Case No. 02-02250
HOSPITAL CORP., I, et al.,           )   (Chapter 11)
                                     )   (Jointly Administered)
              Debtors.               )
_____        )
                                     )
SAM J. ALBERTS, TRUSTEE FOR          )
THE DCHC LIQUIDATING TRUST,          )
                                     )
              Plaintiff,             )
                                     )   Adversary Proceeding No.
         v.                          )   04-10266
                                     )
UNIVERSAL CARE,INC.                  )
                                     )
              Defendant.             )
```

DECISION REGARDING CONVERTED MOTION FOR SUMMARY JUDGMENT

The defendant Universal Care, Inc. ("Universal Care") seeks dismissal of this adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6) (as incorporated by Fed. R. Bankr. P. 7012).  The plaintiff Sam J. Alberts, trustee for the DCHC Liquidating Trust, vigorously opposes Universal Care's motion, but his chances of success are nil in light of the court's Decision Regarding Cross-Motions for Summary Judgment on Proposed Stipulation and Order

Resolving Cure Claim of Universal Care, Inc. entered in the debtors' main bankruptcy case (D.E. No. 2896, entered May 11, 2006). As the court explained in that decision:

> The remaining issue in this dispute is whether Universal Care's counter-party to the [Large Group Subscriber Agreement ("GSA")] as it existed in 2002 ("the 2002 GSA") was Pacifica of the Valley Corporation (to whose rights, as pertinent here, the Reorganized Debtor has succeeded) or an entity known as Pacific Optima, LLC.
> That issue is of significance because Alberts is prosecuting an adversary proceeding, Adv. Pro. No. 04-10266, against Universal Care seeking recovery of an alleged $793,955.11 in preferential transfers made in 2002. If those transfers were made in payment of obligations under the GSA sought to be assumed here, approval of the Stipulation, and the resulting assumption of the GSA will, consistent with the decision in <u>Alberts v. Humana Health Plan, Inc.</u>, 327 B.R. 26 (Bankr. D.D.C.[]2005) [("<u>Humana</u>")], terminate the right of Alberts to pursue recovery of the transfers.[]. . . For the reasons stated in this opinion, I conclude that Pacifica of the Valley Corporation was a party to the 2002 GSA, and I will grant Universal Care and the Reorganized Debtors' motion for summary judgment and approve their proposed Stipulation accordingly.

(Dec'n at 3-4).

Based upon the factual finding made by the court in its prior Decision and the legal conclusions drawn by the court in <u>Humana</u>, it cannot be disputed that Alberts has no right to pursue

the claims set forth in his complaint.[1] Alberts has not convinced the court that either decision should be reconsidered despite having the opportunity to do so at the pre-trial hearing in this adversary proceeding (see D.E. No. 37, entered June 20, 2006). Accordingly, the court will treat Universal Care's motion to dismiss as a motion for summary judgment and grant the motion at this time.

    A judgment follows.

                                         [Signed and dated above.]

Copies to: All counsel of record.

---

[1] The court dismissed as moot the Fifth Omnibus Objection of the DCHC Liquidating Trust insofar as it referred to the claims of Universal Care for the same reason (D.E. No. 2947, entered June 21, 2006).